UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY P. CURLETT,

    Plaintiff,                              CIVIL ACTION NO. 06-13558

v.                                       DISTRICT JUDGE BERNARD A. FRIEDMAN
                                           MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and the Defendant's Motion for Summary Judgment GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\*   \*   \*

Plaintiff filed applications or Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 7, 2001, alleging that he had become disabled and unable to work on February 28, 1999, at age 38, due to fibromyalgia, irritable bowel disease, carpal tunnel syndrome, back and leg pain and severe headaches. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on June 30, 2004[1], before Administrative Law Judge (ALJ) Michael

---

[1] A prior hearing was held in June 2002, before a different ALJ, resulting in a decision to deny disability benefits (TR 508-520). The Appeals Council vacated that decision in March 2004, and remanded the case for further administrative proceedings to resolve several issues (TR 564-566).

Wilenkin. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work. The ALJ restricted claimant from excessive contact with co-workers and supervisors. The Law Judge also found that Plaintiff was limited to simple, repetitive job duties that would not expose him to high production demands. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 43 years old at the time of the remanded administrative hearing. He had been graduated from high school, and had been employed during the relevant past as a machine operator (TR 83, 785). As a machinist, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 100 pounds on a regular basis (TR 83, 788). Claimant stopped working in February 1999, due to severe joint pain caused by fibromyalgia (TR 788). Plaintiff testified that he remained disabled as a result of joint pain, extreme fatigue and mental depression (TR 789). Pain medications and physical therapy proved ineffective, and he had to lie down several times a day to relieve his fatigue (TR 790-792). The claimant added that he suffered from mental depression as a result of his physical infirmities (TR 794). Plaintiff was a divorced father, and he did all the housework and shopping for his young children (TR 796). Other than visiting with his parents, who lived next door to him, the claimant stated he did not socialize and rarely left his home (TR 797-798).

A Vocational Expert, Lawrence Zatkin, classified Plaintiff's past work as light to very heavy, skilled activity, which imparted some transferable skills (TR 808). The witness

testified that there were no jobs for claimant to perform if his testimony were fully accepted[2] (TR 809). If he were capable of sedentary work, however, there were numerous unskilled inspection, sorting, packaging and small assembly jobs that he could perform with minimal vocational adjustment (TR 811). These jobs did not involve performing complex tasks requiring high production demands. They also did not require that he work closely with co-workers or supervisors (TR 810).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of mental depression, somatization disorder, anxiety, fibromyalgia and very mild degenerative lumbar disease, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's emotional difficulties limited him to simple, repetitive tasks in a routine work environment. The Law Judge found that Plaintiff could not work closely with co-workers or supervisors in jobs requiring high production demands. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

---

[2]The witness opined that claimant's alleged need to lie down would preclude all work activity (TR 809).

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling joint pain and chronic fatigue.

Plaintiff initially contends that the ALJ should have considered whether his impairments met or equaled section 14.06 of the Listing of Impairments (See p. 24 of Plaintiff's Brief in Support of Motion for Summary Judgment). In order to satisfy § 14.06 (Undifferentiated Connective Tissue Disorder), the claimant was required to show that his condition caused an inability to ambulate effectively as a result of significant and severe fatigue, fever, malaise, weight loss or systemic sclerosis and scleroderma. See Listing

14.06, citing Listing 14.02A, 14.02B and 14.04. As pointed out by the Commissioner, Plaintiff has not even attempted to argue that his impairment met or equaled this extraordinary level of dysfunction. Nevertheless, the ALJ analyzed the claimant's fibromyalgia-related impairments under Listing 1.02, 1.04, 11.17, 12.04, 14.09A, 14.09C and 14.09D, before finding that the condition was not severe enough to meet or equal the Listing of Impairments (TR 23-25). I am persuaded that the ALJ performed a thorough and exhaustive analysis at Step 3 of his decision, and claimant's argument should be rejected as being without merit.

Plaintiff also claims that the Law Judge should have considered his Sjogren's syndrome to be severe, and that he failed to properly assess his fibromyalgia impairment. He also argues that the ALJ did not properly evaluate his credibility and failed to give proper weight to treating sources of record (See pp. 24-32 of Plaintiff's Brief in Support of Motion for Summary Judgment). The ALJ noted that claimant's Sjogren's syndrome did not cause any symptoms aside from poor dentition and salivary insufficiency (TR 24). Plaintiff has failed to demonstrate how poor teeth and a lack of saliva caused any disabling functional limitations.

Claimant's contends that the ALJ failed to fully credit his claims of disabling fatigue, pain, tremors, depression, anxiety and memory problems (pp. 25-28 of Plaintiff's Brief in Support of Motion for Summary Judgment). A review of the Law Judge's decision reveals that he only discounted Plaintiff's credibility to the degree that it was not supported by objective medical evidence or was inconsistent with other evidence (TR 20). For instance, the medical evidence of record showed that the claimant had only minimal degenerative changes in his lower back with no disc bulging, herniation or stenosis (TR 202-205, 456).

Dr. Miles Colwell, an examining orthopedist at the University of Michigan's Spine Program, reported in February 2002, that he was "impressed" with Plaintiff's musculoskeletal mobility, and that he thought the claimant had "excellent" biomechanics (TR 449-450).

Other examining physicians of record reported that the claimant exhibited full ranges of motion and good response to physical therapy (TR 187). He demonstrated normal muscle strength in all extremities (TR 357). The record also disclosed that Plaintiff responded well to medication and physical therapy (TR 176, 187, 476), and that he stopped using pain medication by April 2004 (TR 736).

Claimant's assertion that he suffered disabling mental limitations is equally inconsistent with the record. While he claims that the ALJ did not account for his memory limitations, the medical record revealed the claimant was found to possess a fair memory, attention span and concentration powers. He reportedly had clear speech and reflected logical thought processes (TR 420, 424, 587, 606, 671, 701). The Law Judge took into consideration claimant's mental difficulties by limiting him to simple tasks having no production demands and minimal contact with the public, co-workers and supervisors (TR 36-37). The ALJ weighed the relevant factors when evaluating claimant's credibility, and properly restricted him to jobs accommodating those mental limitations. His conclusions were well supported by objective evidence.

Plaintiff relies heavily upon the fact that Drs. Sarnacki, Conley and Heasley described him as totally disabled in separate residual capacity evaluation reports (TR 474, 489, 739). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician

is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Sarnacki, Conley and Heasley offered little objective evidence to support their respective conclusions of disability[3], their opinions need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986). The ALJ's decision was consistent with the specific limitations imposed by other evaluating physicians. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his joint pain and chronic fatigue were not fully credible. It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However,

---

[3] The ALJ rejected the doctors' opinion, setting forth persuasive reasons for doing so (TR 35). As noted by the Law Judge, Drs. Sarnacki and Conley filed responses to a questionnaire drafted by Plaintiff's attorney that did not give them much discretion or ability to express their opinion in their own words. Moreover, these doctors' findings were entirely unsupported by clinical evidence. When asked in the form to provide a clinical basis for his opinion, Dr. Sarnacki stated that Plaintiff had mild loss of flexion in his neck and lower spine (TR 473). Similarly, Dr. Conley merely outlined laboratory results showing that Plaintiff had fibromyalgia with an underlying auto-immune component, but he did not explain how these results demonstrated disabling severity that prevented claimant from sustaining full time employment (TR 489-490). Finally, Dr. Heasley was not a treating source. The consulting doctor only evaluated claimant on a single occasion. Dr. Heasley did not have a long enough relationship with Plaintiff upon which to properly base her restrictions. The ALJ reasonably concluded that the doctors' disability opinions were mainly based on claimant's subjective complaints. Under these circumstances, the Law Judge properly gave greater weight to the opinions of consulting psychiatrist Fenton and reviewing doctors Kriauounas and Ranieri that Plaintiff was physically and mentally able to perform a wide range of unskilled tasks in a regular work environment (TR 163-165, 168-174, 249-251).

7

special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions[4]. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled inspection, sorting, packaging and small assembly jobs that he could perform with minimal vocational adjustment (TR 811). These jobs did not require performing complex tasks or impose high production demands. They would not compel Plaintiff to work closely with co-workers or supervisors (TR 812). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that

---

[4] The Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described his moderate limitations caused by his joint pain and chronic fatigue. The VE testified that the the majority of the jobs identified did not require performing complex tasks with high production demands, and did not require that he work closely with co-workers or supervisors (TR 812). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Defendant's Motion for Summary Judgment should be granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: August 24, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify on August 24, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 24, 2007. **None.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217