UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY P. CURLETT,

       Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Civil Action No.
06-CV-13558

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the court on the parties' cross motions for summary judgment. Magistrate Judge Donald A. Scheer has submitted a Report and Recommendation ("R&R") in which he recommends that the court grant defendant's motion and deny plaintiff's motion. Plaintiff has filed extensive objections. The court reviews *de novo* those portions of the magistrate judge's R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons stated below, the court shall accept the magistrate judge's R&R, grant defendant's motion and deny plaintiff's motion.

In a case such as this, the court's role is limited under 42 U.S.C. § 405(g) to determining whether defendant's decision is supported by substantial evidence. In making this determination, the court does not review the evidence *de novo*, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision.

In the present case, plaintiff claims that he is unable to work primarily because of fatigue, depression, anxiety, and pain particularly in his lower back. After considering the voluminous documentary evidence and the hearing testimony, including testimony of a vocational expert, the Administrative Law Judge ("ALJ") concluded that plaintiff has "depression, somatization disorder and anxiety disorder, fibromyalgia with an autoimmune component and very mild degenerative changes at L3-4 and L5-S1," but that he is not disabled within the meaning of the Social Security Act because he is capable of performing a limited range of unskilled, sedentary work (Tr. 39). The magistrate judge recommends that the court uphold these findings.

In his objections, plaintiff first argues that "the ALJ failed to evaluate this case pursuant to Social Security Ruling 99-2p, which discusses evaluating cases involving chronic fatigue syndrome (CFS)." Pltf's Obj. at 3. This objection is nonsensical. The court has reviewed all 813 pages of the record and finds no instance where plaintiff has been diagnosed with CFS. Nor does plaintiff make any reference to the record where such a diagnosis appears. In the absence of a CFS diagnosis, the ALJ was not required to evaluate this case under SSR 99-2p.

Plaintiff next objects that the magistrate judge should have found that the ALJ erred in failing to include plaintiff's Sjogren's Syndrome among his "severe" impairments. Plaintiff provides information from internet websites, indicating that this syndrome is an autoimmune disease which can cause "debilitating fatigue and joint pain" and which can be associated with an elevated rheumatoid factor, such as shown in plaintiff's blood tests. This objection is overruled because the evidence in the record, which does not include the referenced information from www.sjogrens.org or www.autoimmunedisease.suite101.com, is not such that the ALJ was required to make the requested finding. The record contains the Sjogren's Syndrome diagnosis (Tr. 494), and blood test

2

results showing an elevated RA level (e.g., Tr. 234, 330, 358), but no indication so far as the court can determine that plaintiff's Sjogren's has any effect on his ability to work.

Plaintiff next objects that the magistrate judge should have found that the ALJ erred in failing to consider the combined effect of plaintiff's impairments. The court disagrees. The ALJ's decision in this matter is exceptionally thorough. The ALJ painstakingly reviewed and accurately summarized approximately 800 pages of medical records, related documents, and hearing testimony in his 22-page decision. The ALJ clearly did consider all of this evidence before making his findings regarding plaintiff's physical and mental capacities, and these findings were included in a properly framed hypothetical question to the vocational expert. There is simply no basis for plaintiff to contend that the ALJ failed to consider the combined effects of his impairments.

Plaintiff next objects that the magistrate judge erred in accepting the ALJ's adverse credibility finding. Again, the court must disagree. Credibility determinations are for the ALJ to make, and like all other factual findings they must be upheld if supported by substantial evidence. In this case, the ALJ gave a detailed explanation for finding plaintiff's subjective complaints to be only partially credible. And as the magistrate judge correctly noted, the medical evidence contains a great deal of conflicting evidence as regards the severity of plaintiff's mental and physical impairments. Under these circumstances, the ALJ was permitted to find that although plaintiff's impairments are severe, plaintiff has the residual functional capacity, both physically and mentally, to perform the limited range of unskilled, sedentary work identified by the vocational expert, and to reject plaintiff's subjective complaints to the contrary.

Nor, due to the conflicting medical evidence, was the ALJ bound by the statements of plaintiff's treating physicians stating, or suggesting, that plaintiff cannot work full time. The

magistrate judge and the ALJ acknowledged that the record contains such statements. *See, e.g.,* Tr. 474 (Dr. Sarnacki indicated in December 2001 that plaintiff "has days where he could function with 10 min. rest periods per hour, but he has days where he is nearly incapacitated"); Tr. 489 (Dr. Conley opined in June 2002 that "I doubt that he would be able to tolerate full time employment without significant accommodations, and even then until [sic] he gets improvement in his physical pain, his fatigue and psychological issues"); Tr. 645 (Dr. Conley opined in December 2002 that "I do feel this patient is currently disabled from any form of meaningful full time employment pending improvement of his physical condition"). However, the record also contains statements by other examining physicians and health care professionals indicating that, from a physical standpoint, plaintiff is not disabled. *See, e.g.,* Tr.188 (physical therapy from July to September 1999 decreased plaintiff's back pain and increased his mobility; physical therapist gave plaintiff "good prognosis"); Tr. 202 (Dr. Zakalik found plaintiff in February 2000 to be in only "some discomfort" due to back pain; motor and sensory examination was normal); Tr. 444 (Dr. Williams noted in January 2002 that plaintiff was "moving well"); Tr. 446-50 (Dr. Colwell noted in February 2002 that plaintiff's back pain was controlled with Oxycontin "to where he can stand on his feet three to five hours," that he was "impressed with [plaintiff's] mobility," and that he saw "no biomechanical or muscular deficits that would contraindicate his being as active as tolerated, no specific restrictions"); Tr. 451 (Dr. Williams in February 2002 found "no evidence of any chronic inflammatory condition, no active rheumatologic condition . . . no trigger points today and no tender points"); Tr. 736, 740 (Dr. Heasley noted in April 2004 that plaintiff "takes no pain medication now," that he walked without difficulty and had normal gait and posture).

From a mental standpoint, the record contains a great deal of evidence documenting

4

plaintiff's long history of depression and anxiety. The ALJ noted and summarized all such evidence and, indeed, concluded that these are among plaintiff's severe impairments. However, the evidence is not such that the ALJ was compelled to find that plaintiff's mental impairments prevent him from engaging even in the limited range of unskilled work identified by the vocational expert. Only one medical report, which was based on a single psychological examination, indicates that plaintiff "is going to have a difficult time maintaining any type of competitive employment until he has adequate treatment" (Tr. 641). Other evidence of plaintiff's mental impairments, for which he takes medications, suggest that plaintiff is able to take care of his personal needs, run errands and interact with family (Tr. 248-49); that his speech and thought content are normal, and his memory, judgment and insight are intact (Tr. 466); and that his speech is clear and logical, his thoughts fairly organized, his attention and concentration fair, and his intelligence average (Tr. 606, 636). The ALJ accommodated plaintiff's mental impairments by restricting him to low-stress, unskilled work that involves limited contact with co-workers and supervisors (Tr. 810).

The court has considered plaintiff's other objections, which are essentially repetitious of arguments made in his summary judgment motion. All of these arguments were adequately addressed in the magistrate judge's R&R.

The court concludes that the magistrate judge correctly analyzed the issues in this case. The medical evidence is in conflict. While there is evidence indicating that plaintiff is disabled, there is also substantial evidence indicating that plaintiff retains the ability to perform a limited range of unskilled, sedentary work. Under such circumstances, the Social Security Act permits defendant to resolve the matter against plaintiff. Accordingly,

5

IT IS ORDERED that Magistrate Judge Scheer's Report and Recommendation is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

_____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: September 28, 2007
   Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman